UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER HUBBLE, | Case No.: 3:22-cv-00277-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 3 |
| DR. MARKS, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's emergency motion for a preliminary injunction. (ECF No. 3.) Defendant Dr. Marks has filed a limited appearance for purposes of responding to the motion, and has filed an opposition. (ECF Nos. 14, 16.) Plaintiff filed a reply. (ECF No. 19.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 26.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id.*)

The court recently screened Plaintiff's amended complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Marks, Nursing Directors Donnelly, Poag, Parks and Brian, Nurses Carmen and Clare, the Doe Defendant Utilization Review members, Medical Directors Minenez and Naughton, and

Warden Garrett. Plaintiff's claim is based allegations regarding a lack of appropriate treatment for his chronic pain.

Before his amended complaint was screened, Plaintiff filed a motion for a preliminary injunction for medical diagnosis and treatment, including appropriate pain medication. He also requests: extra pillows and blankets; to have his drug tests conducted by blood test and not urine test because his nervous system issues prevent him from being able to urinate on demand; to be confined in an ADA/medical cell with a lower bunk restriction for the duration of his incarceration; daily ice or heat packs; medically approved shoes with insoles (which he notes have been approved) to use while incarcerated.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense*

*Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

In his motion, Plaintiff states that he has an obvious bulge at the base of his neck and he has complained of severe pain for years. He claims he was told the only option was to operate on his neck/spine, with no guarantees of success, and the relief would only last about six years. He has also sought pain relief, and has been given over-the-counter pain medications that provide no

relief, and increase the risk of harm to his kidneys, liver, and heart. For two weeks, he was given Tramadol and Baclofen, which helped his pain and allowed him to participate in his work program; however, then his prescription was not renewed, and his pain returned. Plaintiff claims these medications are readily prescribed at Ely State Prison (ESP). Plaintiff asserts that he requested surgery or alternative therapies, but his requests were ignored or denied.

Dr. Marks argues that Plaintiff cannot demonstrate a likelihood of success on the merits because there is no evidence of a serious medical condition or deliberate indifference. Dr. Marks further contends that Plaintiff cannot illustrate how he will suffer irreparable harm in the absence of injunctive relief because his records show no significant degenerative changes. Finally, Dr. Marks asserts that Plaintiff did not address the balance of hardships, and he does not establish injunctive relief is in the public interest.

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)). To succeed on an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must first establish the existence of a serious medical need(s), and then he must prove that the defendant knew of and disregarded a risk to his health. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Plaintiff states generally that he has chronic pain, and he has been denied adequate treatment, including pain relief. However, Plaintiff fails to substantiate his assertions with

medical records that establish his serious medical needs and that the Defendants in this action were deliberately indifferent with respect to the course of treatment or lack thereof. Plaintiff mentions prescriptions for certain medications, and recommendations from specialists, but he has failed to provide any of the medical records to support his statements. The limited records provided by Defendants, on the other hand, show Plaintiff had relatively normal imaging studies of his cervical spine in 2022. (ECF Nos. 16-2, 16-3.) Plaintiff argues in his reply that this conflicts with the recommendation for surgery, but Plaintiff has not provided a record of any recommendation for surgery.

Plaintiff's generalized statements about his chronic pain and an alleged lack of care are insufficient to carry his burden in seeking the extraordinary remedy of injunctive relief. The court finds Plaintiff has not adequately demonstrated a likelihood of success on the merits or that he will suffer irreparable harm in the absence of injunctive relief. Therefore, it is recommended that Plaintiff's motion for injunctive relief be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for injunctive relief.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 9, 2022

_____
Craig S. Denney
United States Magistrate Judge