**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER HUBBLE,

Plaintiff

v.

DR. MARKS, et al.,

Defendants

Case No.: 3:22-cv-00277-MMD-CSD

**Order**

Re: ECF Nos. 20, 21

Before the court are Plaintiff's motion to designate expert medical witness and to compel production of medical records. (ECF Nos. 20, 21.)

For the reasons set forth below, the motions are denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 26.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). Plaintiff filed an application to proceed *in forma pauperis* (IFP) and his original complaint on June 21, 2022. (ECF Nos. 1, 1-1.)

On June 29, 2022, he filed an emergency motion for preliminary injunction. In this motion, he seeks an injunction for medical diagnosis and treatment, including appropriate pain medication. He also requests: extra pillows and blankets; to have his drug tests conducted by blood test and not urine test; to be confined in an ADA/medical cell with a lower bunk restriction for the duration of his incarceration; daily ice or heat packs; and medically approved shoes with insoles to use while incarcerated. (ECF No. 3.)

On August 9, 2022, the court directed the Attorney General's Office to file a notice indicating whether it would enter a limited appearance for the purpose of responding to the emergency motion, and if so, to file a response to the motion, and file under seal any relevant medical records, kites (prison request forms) and/or grievances. The court advised Plaintiff that he could kite the warden's office to review any records filed under seal, and the court directed the Attorney General's Office to ensure he be given a reasonable amount of time to review these records. Plaintiff's reply brief was due by August 31, 2022. (ECF No. 8.)

The Attorney General's Office entered a limited notice of appearance and filed its response to Plaintiff's emergency motion on August 24, 2022. (ECF Nos. 12, 14, 16-1 to 16-3.) Pursuant to the court's order, the Attorney General's Office filed medical records under seal. (ECF Nos. 16-1 to 16-3.) Plaintiff filed his reply brief on August 29, 2022. (ECF No. 19.)

On September 8, 2022, Plaintiff filed these motions to designate an expert medical witness and to compel production of medical records. (ECF Nos. 20, 21.)

On November 1, 2022, the court issued an order screening Plaintiff's amended complaint. (ECF Nos. 25, 26.) The court allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Marks, Nursing Directors Donnelly, Poag, Parks and Brian, Nurses Carmen and Clare, the Doe Defendant Utilization Review members, Medical Directors Minenez and Naughton, and Warden Garrett. Plaintiff's claim is based on allegations of a lack of appropriate treatment for his chronic pain. At that time, the court stayed the case for 90 days to allow the parties to attempt to settle the case through the court's inmate early mediation program.

On November 9, 2022, the undersigned issued a report and recommendation to deny Plaintiff's motion for preliminary injunction because while Plaintiff generally claimed that he

had chronic pain and he was denied pain relief and recommended surgery, he did not provide any evidence to substantiate his assertions regarding his medical conditions and Defendants' alleged deliberate indifference; therefore, he did not carry his burden in seeking the extraordinary remedy of injunctive relief. (ECF No. 29.)

Plaintiff filed a motion to exclude his case from the mediation program (ECF No. 27), and the court granted this request (ECF No. 30). On November 10, 2022, Plaintiff's IFP application was granted, and the stay of the case was lifted. (ECF No. 31.) On November 14, 2022, Plaintiff filed a motion for reconsideration of the report and recommendation to deny Plaintiff's emergency motion for preliminary injunction. (ECF No. 32.) The court will address that motion in a separate order.

## II. DISCUSSION

### A. Motion to Designate Expert Medical Witness

Plaintiff moves the court to designate an expert medical witness, stating that he has retained an expert to review his diagnosis, the treatment provided (or lack thereof), and provide a report with a recommendation on how to proceed. He seeks to designate orthopedic surgeon Ralph Purcell, M.D., who is located in Scottsdale, Arizona.

Preliminarily, Plaintiff does not need to seek leave of court to designate an expert witness.[1] Moreover, designation of an expert witness is premature at this point. The order lifting the stay in this matter and ordering the amended complaint served on the Attorney General's Office was just entered on November 10, 2022. (ECF No. 31.) As it stands, the Attorney

[1] This is unlike the scenario where a pro se inmate plaintiff moves the court for the appointment of a neutral expert witness to assist the trier of fact, and not to serve as an advocate, under Federal Rule of Evidence 706. In that case, the court has discretion to appoint an expert on its own, or on motion by a party.

General's Office has until December 1, 2022, to file a notice indicating those defendants for whom it accepts service, and filing the last known address under seal for any defendant for whom it does not accept service. For those defendants for whom it accepts service, an answer or other responsive pleading is due by January 9, 2023.

When an answer or responsive pleading is filed, the court will issue an order for the parties to file a case management report and will set a mandatory telephonic case management conference. One of the topics that is to be discussed in the case management report is whether the parties intend to use expert witnesses. Following the case management conference, the court will issue a discovery plan and scheduling order, which will contain, among other things, the deadlines for discovery and dispositive motions, and if applicable, the deadlines for the designation of expert witnesses. Generally, the expert designation is set at least 90 days before the trial date, but another date may be set by the court. Fed. R. Civ. P. 26(a)(2)(D). Typically, the designation must be accompanied by a written report from the expert that contains all the opinions of the witness, the supporting facts or data, any exhibits used to support the opinions, the witness's qualifications, among other information. Fed. R. Civ. P. 26(a)(2)(B).

Therefore, it is the parties, and not the court, that designate expert witnesses, and this will be done according to the timeline that the court will set out in the discovery plan and scheduling order following the case management conference. As such, Plaintiff's motion to designate an expert witness is denied.

**B. Motion to Compel Production of Medical Records**

Plaintiff states that he has repeatedly requested to review his medical records at LCC related to his ongoing litigation and his motion for preliminary injunction. He also states that he was unable to see or have access to the exhibits filed under seal in support of Defendants'

response to his emergency motion for preliminary injunction. Plaintiff asks the court to compel Defendants to allow him to immediately review all of his medical records so he can select the records necessary for review by Dr. Purcell. Plaintiff also asserts that he has made multiple requests for an NDOC medical release form that is required to have his medical records provided to his expert witness, but his requests have been ignored.

First, Plaintiff's motion to compel the production of medical records and a medical release form was filed before the Defendants were served with the original or amended complaint.

Second, a motion to compel the production of documents must be accompanied by a declaration that the moving party met and conferred with the opposing party in a manner that satisfies Local Rule IA 1-3(f). LR 26-6(c). Plaintiff's motion does not contain this declaration.

Third, NDOC's Administrative Regulation 639 contains the process an inmate is to utilize to review his medical records. Plaintiff is correct that an inmate may not possess his medical records on his person, in his cell or on the yard. Instead, he may request to review his medical records. Review is limited to once a year, except where, as here, an inmate is involved in litigation related to a medical issue, in which case he may review his records more frequently. The inmate is allowed to make separate notes regarding the information contained in his medical record.

Plaintiff's motion states that he made requests to review his medical records, but his requests were ignored. However, he does not provide evidence of those requests or any responses.

Insofar as Plaintiff asserts that he was unable to review the exhibits filed under seal in connection with Defendants' response to his emergency motion for preliminary injunction, the

court explicitly instructed him to kite the warden's office to review those records. Plaintiff does not state specifically state whether he sent a kite to the warden's office to review those exhibits and that request was denied.

Finally, the court will address Plaintiff's request to compel production of the medical release form so that Plaintiff can have his medical records sent to his expert witness. AR 639 provides that outside healthcare providers will only receive records with written authorization (Form DOC 2548 consent- release of medical information) from the offender. Copies will be made, and the originals will be maintained within the prison. Offenders must submit a brass slip for the cost of any requested copies at the rate set by Nevada Revised Statute (NRS) 629.061. Plaintiff's subsequent filings indicate that he has been provided with the medical release form; therefore, Plaintiff's request to compel production of that document is moot.

For these reasons, Plaintiff's motion to compel the production of his medical records and the medical release form is denied.

**III. CONCLUSION**

Plaintiffs' motions (ECF Nos. 20, 21) are **DENIED**.

**IT IS SO ORDERED**.

Dated: December 2, 2022

Craig S. Denney
United States Magistrate Judge