UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER HUBBLE,

    Plaintiff

v.

DR. MARKS, et al.,

    Defendants

Case No.: 3:22-cv-00277-MMD-CSD

**Order**

Re: ECF Nos. 32, 35, 36

Before the court is Plaintiff's motion for reconsideration of the report and recommendation at ECF No. 29 to deny Plaintiff's emergency motion for a preliminary injunction. (ECF No. 32.) Defendants filed a response. (ECF Nos. 34, 34-1.) Plaintiff has filed a motion for leave to exceed the page number limitation for his reply (ECF No. 35), a motion for a hearing (ECF No. 36), as well as his reply (ECF No. 37).

For the reasons set forth below, the motion to exceed the page limits is granted. However, the motion for reconsideration, and the motion for a hearing are denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 26.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). Plaintiff filed an application to proceed *in forma pauperis* (IFP) and his original complaint on June 21, 2022. (ECF Nos. 1, 1-1.)

On June 29, 2022, he filed an emergency motion for preliminary injunction. In this motion, he sought an injunction for medical diagnosis and treatment, including appropriate pain

medication. He also requested: extra pillows and blankets; to have his drug tests conducted by blood test and not urine test; to be confined in an ADA/medical cell with a lower bunk restriction for the duration of his incarceration; daily ice or heat packs; and medically approved shoes with insoles to use while incarcerated. (ECF No. 3.)

On August 9, 2022, the court directed the Attorney General's Office to file a notice indicating whether it would enter a limited appearance for the purpose of responding to the emergency motion, and if so, to file a response to the motion, and file under seal any relevant medical records, kites (prison request forms) and/or grievances. The court advised Plaintiff that he could kite the warden's office to review any records filed under seal, and directed the Attorney General's Office to ensure Plaintiff be given a reasonable amount of time to review these records. Plaintiff's reply brief was due by August 31, 2022. (ECF No. 8.)

The Attorney General's Office entered a limited notice of appearance, and filed its response to Plaintiff's emergency motion on August 24, 2022. (ECF Nos. 12, 14, 16-1 to 16-3.) Pursuant to the court's order, the Attorney General's Office filed various of Plaintiff's medical records under seal. (ECF Nos. 16-1 to 16-3.) Plaintiff filed his reply brief on August 29, 2022. (ECF No. 19.)

On September 8, 2022, Plaintiff filed a motion to compel the production of medical records. (ECF No. 21.) In that motion, Plaintiff claimed he had repeatedly requested to review his medical records at LCC related to his ongoing litigation and his motion for preliminary injunction. He also stated that he was unable to see or have access to the exhibits filed under seal in support of Defendants' response to his emergency motion for preliminary injunction. Plaintiff asked the court to compel Defendants to allow him to immediately review all of his medical records so he could select the records necessary for review by his expert, Dr. Purcell. Plaintiff

also asserted that he had made multiple requests for an NDOC medical release form that is required to have his medical records provided to his expert witness, but his requests were ignored. The court has denied Plaintiff's motion to compel. (ECF No. 38.)

On November 1, 2022, the court issued an order screening Plaintiff's amended complaint. The court allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Marks, Nursing Directors Donnelly, Poag, Parks and Brian, Nurses Carmen and Clare, the Doe Defendant Utilization Review members, Medical Directors Minenez and Naughton, and Warden Garrett. Plaintiff's claim is based on allegations of a lack of appropriate treatment for his chronic pain. At that time, the court stayed the case for 90 days to allow the parties to attempt to settle the case through the court's inmate early mediation program. (ECF Nos. 25, 26.)

On November 9, 2022, the undersigned issued a report and recommendation to deny Plaintiff's emergency motion for preliminary injunction because while Plaintiff generally claimed that he had chronic pain and he was denied pain relief and recommended surgery, Plaintiff did not provide any evidence to substantiate his assertions regarding his medical conditions and Defendants' alleged deliberate indifference. Therefore, Plaintiff did not carry his burden in seeking the extraordinary remedy of injunctive relief. (ECF No. 29.)

Plaintiff filed a motion to exclude his case from the mediation program (ECF No. 27), and the court granted this request (ECF No. 30). On November 10, 2022, Plaintiff's IFP application was granted, and the stay of the case was lifted. (ECF No. 31.)

On November 14, 2022, Plaintiff filed this motion for reconsideration of the report and recommendation to deny Plaintiff's emergency motion for preliminary injunction. (ECF No. 32.)

## II. DISCUSSION

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

Preliminarily, the court grants Plaintiff's motion for leave to file excess pages for his reply in support of his motion for reconsideration. (*See* ECF No. 35.)

Plaintiff asserts that the court should reconsider its report and recommendation to deny Plaintiff's emergency motion for a preliminary injunction. Plaintiff argues the court denied the motion because Plaintiff did not support his assertions with any medical evidence, but Plaintiff claims neither he nor his expert witness have had access to his medical records, and he filed a motion to compel production of those records that had not been ruled on when the report and recommendation was issued. Plaintiff further asserts that he has not seen the exhibits to Defendants' response to his emergency motion for preliminary injunction because they were never provided to Plaintiff. Plaintiff asks the court to compel Defendants to produce his entire medical file to his expert at no cost; to provide Plaintiff's expert 15 days to formulate a report and give Defendants 7 days to file a response; hold a hearing on the expert report; and make a new report and recommendation requiring Defendants to address his chronic pain and granting the other requested relief; and consider appointing legal counsel.

Defendants argue that Plaintiff had an opportunity to review his medical records in connection with filing his reply brief, which was due on August 31, 2022. They assert that Plaintiff did not submit a kite regarding his medical records until August 24, 2022, but he did not request to review his records in that kite.

The court denied Plaintiff's motion to compel the production of medical records because the motion was filed before Defendants were served with the original or amended complaint; the motion was not accompanied by the required meet and confer declaration; Plaintiff did not provide evidence that he utilized NDOC's procedure for reviewing medical records under Administrative Regulation (AR) 639 or that he sent a kite to the warden to review his records as instructed by the court. (ECF No. 38.) Therefore, the fact that Plaintiff had a pending motion to compel production of his medical records is not a valid basis for the court to reconsider its order.

In his reply, Plaintiff asserts that he had already sent multiple kites to review his medical file by October 9, 2022, with no success. He contends those requests are not included with the exhibits to Defendants' response to the motion for reconsideration.

Defendants' exhibits reflect that Plaintiff sent a kite on August 24, 2022, stating:

> May I please request any & all related documents to release my entire medical file, all films & associated, case 3:22-cv-00277-MMD-CSD "Hubble v. Marks" * This is a time sensitive request, with a need for prompt response & action*. Thank you-

(ECF No. 34-1 at 18.) It appears that in this kite Plaintiff was requesting the form to release his medical file, and he did not specifically request to review his medical file. Moreover, in response to this kite, he was directed to schedule a chart review with nursing (*id.*), and Plaintiff provides no evidence that he made any effort to do so.

On September 9, 2022, Plaintiff sent another kite where he asked to be given the form so he could get his file to his doctor. (ECF No. 34-1 at 15.) The response states: "Sched. review

5

9/28/22. Resched. Custody issues." (*Id*.) This kite was sent over a week after he had filed his reply in support of his emergency motion.

While Plaintiff maintains he sent other, earlier requests to review his medical records, he provides no evidence to substantiate his assertions, *i.e.*, by including those requests as exhibits to his reply.

NDOC's Administrative Regulation 639 contains the process an inmate is to utilize to review his medical records. An inmate may not possess his medical records on his person, in his cell or on the yard. Instead, he may request to review his medical records. Review is limited to once a year, except where, as here, an inmate is involved in litigation related to a medical issue, in which case he may review his records more frequently. The inmate is allowed to make separate notes regarding the information contained in his medical record. The court specifically instructed Plaintiff that he should send a kite to the warden to review any exhibits filed under seal by the Defendants in response to his emergency motion. (ECF No. 8.)

Importantly, Plaintiff does not provide any evidence that he sought and was denied the opportunity to review his medical file *prior* to filing his motion for preliminary injunction so that he could substantiate the assertions made in the motion. Nor does Plaintiff provide any evidence that he sent a kite to the warden to review the exhibits filed under seal in support of Defendants' response to the emergency motion for preliminary injunction as directed by the court.

Under these circumstances, the court does not find there is a basis for reconsidering its report and recommendation to deny Plaintiff's emergency motion for preliminary injunction. Plaintiff was free to request to review of his medical file and take whatever notes he felt necessary both before he filed his motion for preliminary injunction and in connection with filing his reply brief. The fact that Plaintiff was unable to secure a release form to have his medical file

sent to his expert witness does not alleviate him of the duty to substantiate his request for injunctive relief.

It appears Plaintiff has since been given the release of medical records form, and to the extent he believes there is a factual basis for seeking injunctive relief following his expert's review of his medical file, he may file a properly supported motion.

In light of the court's determination that reconsideration is not appropriate under these circumstances, the court finds a hearing is not necessary, and Plaintiff's motion for a hearing (ECF No. 36) is denied.

Finally, the court notes that Plaintiff states in his motion that he has "spent thousands of his own money to retain an expert witness." (ECF No. 32 at 5.) This appears contradictory to Plaintiff's statement under penalty of perjury in his IFP application that he did not have funds sufficient to pay the filing fee in this action. The court will address at the case management conference whether Plaintiff's IFP status should be revoked. Plaintiff briefly mentions that the court should consider the appointment of counsel, but he has not filed a motion for the appointment of counsel. In addition, whether Plaintiff is entitled to IFP status will have a bearing on whether counsel could be appointed, assuming Plaintiff also demonstrates exceptional circumstances justify the appointment of counsel.

///

///

///

### III. CONCLUSION

Plaintiff's motion for his reply brief to exceed the page limits (ECF No. 35) is **GRANTED**; however, Plaintiff's motion for reconsideration (ECF No. 32) and motion for a hearing (ECF No. 36) are **DENIED**.

**IT IS SO ORDERED**.

Dated: December 2, 2022

_____
Craig S. Denney
United States Magistrate Judge