UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER HUBBLE,<br><br>                            Plaintiff,<br>     v.<br>DR. MARKS, *et al.*,<br><br>                            Defendants. | Case No. 3:22-cv-00277-MMD-CSD<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Plaintiff Christopher Hubble, currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint under 42 U.S.C. § 1983. (ECF No. 26.) Before the Court is a Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 29 ("R&R")), recommending that the Court deny Hubble's emergency motion for a preliminary injunction (ECF No. 3 ("Motion")). Hubble filed an objection to the R&R (ECF No. 32 ("Objection")), to which Defendants responded (ECF No. 34) and Hubble impermissibly replied (ECF No. 37).[1] Because the Court agrees with Judge Denney and as further explained below, the Court overrules

---

[1] Hubble also characterized his Objection as a motion for reconsideration of the R&R, which Judge Denney denied as such in a recent order. (ECF No. 42.) In that order, Judge Denney also denied Hubble's motion for a hearing (ECF No. 36) while granting Hubble's motion to file a reply brief exceeding the page limits (ECF No. 35). In denying Hubble's motion for reconsideration, Judge Denney explained that Hubble provides no evidence that he kited the warden to review Defendants' exhibits filed under seal, as Judge Denney had instructed, or "that [Hubble] sought and was denied the opportunity to review his medical file *prior* to filing his motion for preliminary injunction so that he could substantiate the assertions made in the [M]otion." (ECF No. 42 at 6.) Under NDOC's Administrative Regulation 639, Hubble "was free to request to review [ ] his medical file and take whatever notes he felt necessary both before he filed his motion for preliminary injunction and in connection with filing his reply brief." (*Id.*) In any event, the Court strikes Hubble's reply (ECF No. 37) because he filed the reply without leave of court (*see* LR IB 3-2(a) (providing replies to objections "will only be allowed with leave of court"), and because the Court finds the reply unnecessary given the extensive briefings on the Motion.

Hubble's Objection and adopts the R&R in full. Accordingly, the Court denies Hubble's Motion.

## II.   BACKGROUND

The Court incorporates by reference Judge Denney's description of the case's factual background and procedural history provided in the R&R and order denying Hubble's motion for reconsideration of the R&R, which the Court adopts. (ECF Nos. 29 at 1-2, 42 at 1-3, 5-6.)

## III.   DISCUSSION

Judge Denney recommends Hubble's Motion be denied because Hubble fails to support his allegations with evidence (*i.e.*, medical records) establishing his serious medical need and Defendants' deliberate indifference. (ECF No. 29 at 4-5.) Hubble's "generalized statements about his chronic pain and an alleged lack of care" are insufficient to satisfy Hubble's burden of proof in establishing the likelihood of success on the merits or that Hubble will suffer irreparable harm in the absence of injunctive relief. (*Id.* at 5.) *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008) (listing four prerequisites to obtain a preliminary injunction: (1) likelihood to succeed on the merits; (2) likelihood plaintiff will suffer irreparable harm without preliminary relief; (3) balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest); 18 U.S.C. § 3626(a)(2) (requiring preliminary injunctive relief to be "narrowly drawn" and "extend no further than necessary to correct the harm").

Hubble objects to the R&R, arguing that Judge Denney failed to consider that Defendants had refused to give Hubble or his expert witness access to his medical records, despite Hubble's multiple kites to review the records.[2] Defendants responded that Hubble indeed had an opportunity to review his medical records for purposes of the Motion but ultimately failed to timely request his records and follow the proper procedure

---

[2] To this argument, Hubble also requested that Judge Denney compel Defendants to produce his entire medical file for his expert at no cost, provide his expert 15 days to formulate a report and give Defendants seven days to file a response to the report, hold a hearing on the expert report, issue a new R&R requiring Defendants to address Hubble's chronic pain, and consider appointing legal counsel. (ECF No. 32 at 7-9.)

in doing so. (ECF No. 34 at 3-4.)

The Court finds Hubble's argument unpersuasive. While it is true that Hubble first requested to see his medical records before his reply to the Motion was due, he in fact requested the initial record release form—not his medical file specifically. (ECF Nos. 32 at 3-4, 34-1 at 18, 42 at 5.) The Court also notes that Hubble kited the warden a second time, making the same request, on September 9, 2022. However, as Judge Denney found, Hubble sent the first request just one week before his reply was due—15 days after the Court advised Hubble on the request deadline and procedure—and the second request nine days after Hubble's reply was due. (ECF Nos. 8, 34-1 at 15, 18, 42 at 5.) Furthermore, Hubble offers no evidence showing that the warden explicitly rejected these requests. Instead, the Court's review of Hubble's requests shows that the warden's response to Hubble's August 24 request states "Sched. chart review w/ nursing," appearing to instruct Hubble to schedule review of his records with prison nurses. (ECF No. 34-1 at 18.) And the warden's response to Hubble's September 9 request states "Sched. review 9/28/22. Resched. Custody issues." (*Id.* at 15.) Because Hubble only offers "generalized statements about his chronic pain and an alleged lack of care" to support his Motion, the Court agrees that Hubble does not meet his burden in obtaining preliminary injunctive relief. (ECF No. 29 at 4-5.)

Upon *de novo* review, the Court agrees with Judge Denney's determination that Hubble fails to meet his evidentiary burden in seeking a preliminary injunction. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."). Accordingly, the Court adopts Judge Denney's recommendation that Hubble's Motion be denied.

///

///

///

///

## IV. CONCLUSION

It is therefore ordered that Hubble's objection (ECF No. 32) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 29) is accepted and adopted in full.

It is further ordered that Plaintiff Christopher Hubble's emergency motion for a preliminary injunction (ECF No. 3) is denied.

It is further ordered that Hubble's reply brief (ECF No. 37) is stricken.

DATED THIS 6th Day of December 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE