UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER HUBBLE,<br><br>    Plaintiff<br><br>v.<br><br>DR. MARKS, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00277-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF Nos. 48, 49 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's emergency motions for stay and partial injunction against surgical intervention and housing relocation. (ECF Nos. 48, 49.) Plaintiff seeks an order preventing him having surgery without his consent and from being transferred from his current housing assignment at Lovelock Correctional Center (LCC). Defendants have filed a response. (ECF Nos. 52, 53.) Plaintiff has filed a reply. (ECF No. 56.)[1]

After a thorough review, it is recommended that Plaintiffs' motions be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 26.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC).

---

[1] Plaintiff has filed a motion to exceed the page limits for his reply, which the court has denied in a separate order.

The court screened Plaintiff's amended complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Marks, Nursing Directors Donnelly, Poag, Parks, and Brian, Nurses Cameron and Clare, Doe defendant Utilization Review members, Medical Directors Minenez and Naughton and Warden Garrett. Plaintiff's claim is based on allegations regarding a lack of adequate treatment for his chronic pain.

In these motions, Plaintiff claims that Dr. Marks told him it was necessary to undergo surgery on his degenerative condition of the neck/spine because this was his only option for pain relief, even though Plaintiff told Dr. Marks he had gotten some relief using the medication Tramadol (which he claims Dr. Marks now refuses to prescribe him). Plaintiff asserts that Dr. Marks told him the surgery is dangerous, and the long-term improvement is limited. Plaintiff further claims that Dr. Marks threatened to have Plaintiff transferred from his current assigned housing if is faced with an order from the court to provide alternative treatment.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

Preliminarily, the court finds Plaintiff has not demonstrated a true emergency. An emergency motion must be accompanied by a declaration setting forth the nature of the emergency, and a statement certifying a meet and confer effort to attempted to resolve the dispute before seeking court intervention. LR 7-2 (a). While Plaintiff claims that Dr. Marks told him he would recommend surgery as the only treatment, Plaintiff has not provided any evidence of a surgical recommendation. Nor has he provided any evidence that any sort of surgical consultation has even been scheduled. Likewise, Plaintiff claims that Dr. Marks threatened him with a transfer out of LCC if faced with a court order to provide alternative treatment, but Plaintiff provides no evidence of any imminent transfer. Moreover, Plaintiff did not provide a declaration that he attempted to meet and confer with defense counsel regarding these issues as Local Rule 7-4 requires.

Next, as was the case with Plaintiff's last motion seeking injunctive relief, he has failed to directly address his likelihood of success on the merits of his claim, irreparable injury, the balance of hardships or public interest factors. Moreover, also like his prior motion, Plaintiff fails to substantiate his claims that he is being forced to undergo surgery or is being threatened with a transfer with any evidence. He does not submit any medical records, kites, or grievances concerning his medical condition or recommended treatment. As such, Plaintiff has not met his burden (nor even come close) in seeking the extraordinary remedy of injunctive relief relative to his medical condition. In addition, the court finds it highly unlikely that Plaintiff could be forced to undergo a surgical procedure, such as the cervical spine surgery he alludes to, without his

consent. Therefore, Plaintiff's motions should be denied insofar as he requests an order to "stay" any surgery related to his neck/spine.

With respect to his request for an order precluding his transfer from his current cell at LCC, Plaintiff's motion should also be denied. The Constitution "does not guarantee that the convicted prisoner will be placed in any particular prison[.]" *Meachum v. Fano*, 427 U.S. 215, 224 (1976). "The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons." *Id.* (emphasis original). A transfer cannot be retaliatory, but Plaintiff does not provide sufficient evidence to support a claim of retaliatory transfer.

Moreover, in seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id*.

Here, Plaintiff is proceeding with a claim for deliberate indifference to his chronic pain. He does not have a claim for retaliatory transfer, and the relief he seeks in this action would not include precluding transfer to another NDOC facility. Instead, Plaintiff is asking the court to involve itself in the day-to-day "discretionary decisions that are not the business of federal judges." *Meachum*, 427 U.S. at 229.

For these reasons, Plaintiff's motions should be denied insofar as he requests the court to enjoin Plaintiff's transfer to another facility.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions (ECF Nos. 48, 49).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 21, 2023

_____
Craig S. Denney
United States Magistrate Judge