UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CHRISTOPHER HUBBLE, | Case No. 3:22-cv-00277-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DR. MARKS, *et al.*, | |
| Defendants. | |

### I. SUMMARY

*Pro se* Plaintiff Christopher Hubble, currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed a complaint under 42 U.S.C. § 1983. (ECF No. 26.) Before the Court is a Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 66 ("R&R")), recommending that the Court deny Hubble's emergency motion for stay (ECF No. 48) and motion for a partial injunction against surgical intervention and housing relocation (ECF No. 49).[1] Hubble has not filed an objection to the R&R. Because the Court agrees with Judge Denney and as further explained below, the Court adopts the R&R in full and thus denies both motions.

### II. BACKGROUND

The Court incorporates by reference Judge Denney's description of the case's factual background and procedural history provided in the R&R, which the Court adopts. (ECF No. 66 at 1-2.)

### III. DISCUSSION

Judge Denney recommends denying both motions for injunctive relief. To start, Hubble "has not demonstrated a true emergency" because he has not filed an

---

[1]Because both motions appear to be identical, Judge Denney therefore addressed them together.

accompanying declaration describing the emergency and a statement certifying his efforts to meet and confer to resolve the dispute before court intervention, as required under LR 7-4. (*Id.* at 4.)

Judge Denney also recommends denial of both motions because Hubble fails to support his allegations with evidence showing that Defendants made any surgical consultations or recommendations, or that Defendants threatened him with an imminent retaliatory transfer. (*Id.*) Crucially, Hubble has not submitted any medical records, kites, or grievances concerning his medical condition or recommended treatment. (*Id.*)

Hubble's motions also fail as a matter of law, Judge Denney explains, because Hubble has failed to directly address his likelihood of success on the merits of his claim, irreparable injury in the absence of injunctive relief, balance of hardships tipping in Hubble's favor, or the public's interest in granting an injunction. (*Id.*) *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing the four prerequisites to obtain a preliminary injunction).

Judge Denney also concluded that the Court lacked authority to grant Hubble's requested injunctive relief because there is no relationship between the claims raised in his motions for injunctive relief and the conduct asserted in his complaint. (*Id.* at 5.) *See also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). In his motions, Judge Denney explains, Hubble seeks to prevent an alleged retaliatory transfer, a claim that clearly differs from the Eighth Amendment deliberate indifference claim—involving Hubble's chronic back pain—set forth in Hubble's complaint. (*Id.*)

Lastly, because the Constitution does not guarantee that a convicted prisoner be placed in any particular prison, and because Hubble asks the Court to involve itself with state prisons' day-to-day discretionary decisions, Judge Denney recommended denying Hubble's specific request that he not be transferred from his current cell to Lovelock Correctional Center. (*Id.*) *See also Meachum v. Fano*, 427 U.S. 215, 224, 229 (1976).

Because Hubble has not objected to the R&R, the Court need not review Judge

Denney's recommendations *de novo*; the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note to 1983 amendments; *see also* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). As the Court finds no clear error on the face of the record before it, the Court will accept and adopt the R&R in full.

## IV.     CONCLUSION

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 66) is accepted and adopted in full.

It is further ordered that Plaintiff Christopher Hubble's emergency motion for stay (ECF No. 48) is denied.

It is further ordered that Plaintiff Christopher Hubble's motion for a partial injunction against surgical intervention and housing relocation (ECF No. 49) is denied.

DATED THIS 9th Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE