DAN WINDER, ESQ.
Nevada Bar No. 1569
**DAN WINDER LAW OFFICE**
3507 W. Charleston Blvd.
Las Vegas, Nevada 89102
(702) 474-0523
winderdanatty@aol.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

CHRISTOPHER HUBBLE,     )
             )   CASE NO.: 3:22-cv-00277-MMD-CSD
     Plaintiff,      )
             )
vs.            )
             )
DR. DANA MARKS, et al.;     )
             )
     Defendant.     )

**ORDER GRANTING STIPULATION TO**
**REOPEN DISCOVERY AND VACATE TRIAL**

**(THIRD REQUEST)**

 **COMES NOW**, CHRISTOPHER HUBBLE, by and through his attorney, DAN WINDER, ESQ., of the Law Office of Dan M. Winder, P.C.,, and Defendant, DR. DANA MARKS, by and through his attorney, DOUGLAS R. RANDS, ESQ., Senior Deputy Attorney General, State of Nevada hereby stipulate that discovery in this matter be reopened with a discovery cutoff date set for 120 days from the date of the order reopening discovery and that dates for expert disclosures, rebuttal experts, dispositive motions and all other deadlines be reset accordingly.

**POINTS AND AUTHORITIES**

**I.**

Page **1** of **11**

## PERTINENT PROCEDURAL HISTORY

On June 21st, 2022 Plaintiff Hubble filed an Application to Proceed in Forma Pauperis and a Complaint. Due to deficiencies, the Court issued an Order regarding those deficiencies and allowed Hubble to refile a complete Application and an Amended Complaint on August 8th, 2022. A new Application was filed on July 27th, 2022. The Complaint followed on August 9th, 2022.

Attorney Guinness commenced representing the plaintiff on March 3rd, 2023 and withdrew on May 13th, 2025. Attorney Winder appeared on October 15th, 2025. To date, despite diligent efforts, Plaintiff's Counsel has been unsuccessful in obtaining discovery which occurred prior to his entrance into the case. Plaintiff's current counsel has just this week learned of a possible location of these documents and expects to take delivery of them on Wednesday, May 20th, 2026.

## II.

## STATEMENT OF THE FACTS

Hubble alleges the following. Hubble was diagnosed with spina bifida by an agent physician of the NDOC in 2007. (Id. at 2.) However, Hubble was not informed of his diagnosis at that time. (Id.) Hubble discovered his diagnosis in 2021 after experiencing years of unexplained pain in his spine and joints. (Id.) His condition was never treated. (Id.)

Since 2007, Hubble has complained to numerous medical providers about severe pain in his spine and joints. (Id. at 3.) The pain is debilitating and

substantially interferes with his ability to care for himself and participate in prison work programs. (Id.) Hubble's requests for treatment and pain-relieving medications were "virtually ignored." (Id.) Dr. Marks failed to provide treatment for Hubble's symptoms. Hubble advised the NDOC Medical Director and the Director of Nursing about the severity of his condition but neither official responded to Hubble, nor did they intervene to get him treatment. (Id.)

Hubble's condition impacts his ability to sleep and concentrate at work. (Id. at 4.) The pain associated with Hubble's condition prevents him from participating fully in prison programming. (Id.) He sought "pain medications and medical treatment" as an accommodation. (Id.) He was given medication that worked but was taken off it after a week. (Id.) Hubble was also given other medication, but those medications had severe side effects. (Id.)

Based on these allegations, Hubble contends that Defendants were deliberately indifferent to his serious medical needs.

### III.
### GOOD CAUSE FOR REVISING SCHEDULING ORDER AND REOPENING DISCOVERY

Plaintiff's current counsel has had difficulty in procuring the prior discovery in this matter as it was passed to counsel who because suspended and has now, to the best of Plaintiff's knowledge, disappeared from the jurisdiction. After much travail, a paralegal has been identified who has a box of documents which she has stated will be delivered to Plaintiff's counsel on Wednesday, May 20th, 2026.

Plaintiff's counsel is uncertain what these documents will contain but hopefully they will contain the name and report of Plaintiff's expert as well as prior discovery done in this matter.

Plaintiff's counsel was under the belief that prior discovery was included in the boxes of documents it had received but as the documents were sorted and filed, the want of discovery became apparent. Numerous efforts have been made to locate the repository of these documents until, just recently, the aforementioned paralegal was located and contacted.

## **DISCOVERY ISSUES**

1. Current Discovery Cut-Off Date: January 26th, 2024

2. Prior Discovery

Fed. R. Civ. P. 26(a) Initial Disclosures:

Pursuant to Federal Rules of Civil Procedure 26(f) and Local Rule of Court 26-1(a), parties have submitted initial disclosures.

Additional Discovery Necessary:

Discovery commenced with exchanges of discovery requests and responses. Discovery is continuing with the US Attorney having recently agreed to provide a complete medical record, kyte and grievance, files and discipline files. While others are ongoing. The parties estimate that discovery will take an additional ninety (90) days from May 19, 2026, the present date. Accordingly, discovery would be completed by no later than Monday, August 17th, 2026.

1. Amending the Pleadings and Adding Parties:

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the new discovery cut-off date and, therefore, not later than Friday, November 13th, 2026.

2. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than Thursday, June 18th, 2026 and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than Friday, July 17th, 2026.

3. Dispositive Motions:

The parties shall file dispositive motions not more than (30) days after the discovery cut-off date and, therefore, not later than Wednesday, September 16th, 2026.

4. Pretrial Order:

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than Friday, October 16th, 2026.

5. Fed. R. Civ. P. 26(a)(3) Disclosures:

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall file the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto with the Pretrial Order pursuant to LR 26-1(e)(6) in the Joint Pretrial Order, not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than Friday, October 15th, 2026.

6. Interim Status Report:

In accordance with Local Rule 26-3, an Interim Status Report will be filed by the parties with the Court sixty (60) days prior to the discovery cut-off date, and therefore, not later than, Thursday, June 18th, 2026.

7. Alternative Dispute Resolution:

The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01) and do not consent at this time.

8. Electronic Evidence at Trial:

Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the court's electronic jury evidence display system.

9. Electronically Stored Information:

The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored

information may be produced in .pdf or paper form. Such production may be served by electronic means/email.  Should there be any technical difficulties arise with these means, counsel will make good faith efforts to meet, confer, and resolve the difficulties.  The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will meet and confer in good faith should any dispute arise.

10. Issues about claims of privilege or protection of trial preparation materials:

(i) Any or all Parties may require a protective order in order to protect the disclosure of certain confidential business information.  In the event such a protective order becomes necessary the Parties will submit a stipulated protective order to the parties for agreement, or if necessary, may file a motion for protective order.

(ii) The Parties agree with Rule 26(b)(5).

(iii) Claw-back of Inadvertent Disclosure of Privileged Materials. The Parties agree that inadvertent production of otherwise privileged materials will not constitute a waiver of the applicable privilege, and by stipulation or motion, the items so designated shall be returned to the disclosing party, and not be used for any purpose at trial.  Any notice of inadvertent production or disclosure shall be (i) in writing and delivered to opposing counsel; or, (ii) made on the record in

deposition; or, (iii) asserted in open court.  Failure to give notice prior to entry of a ruling on a dispositive motion shall be deemed a waiver of the privilege, except that no settlement discussions or offers shall be disclosed for any reason before entry of judgment or award.

11. Extensions or Modifications of Discovery Plan & Scheduling Order:

Pursuant to FRCP 16(b)(4) A schedule may be modified only for good cause and with the judge's consent.

12. Consideration of Fed.R.Civ.P. 16(b)(3)(B)(v):

Federal Rule of Civil Procedure 16(b)(3)(B) provides that, among other things, a scheduling order may "(v) direct that before moving for an order relating to discovery, the movant must request a conference with the court." Plaintiff is seeking a stipulation to include this provision in the Discovery Plan and Scheduling Order. FRCP Rule 16(b)(3)(B)(v) is aimed at providing a mechanism for the parties and the court to resolve any discovery disputes quickly and inexpensively without the delay, expense, and burden on judicial resources that results from formal motion practice. This does NOT relieve the parties of their obligations to meet and confer amongst themselves pursuant to Fed. R. Civ. P. 37. However, nearly all discovery disputes that the parties cannot agree on can be resolved in a short telephonic conference with the court and those that cannot are the only ones that should result in a formal motion being litigated.  Including this provision in the Scheduling Order promotes the overall goal of the Federal Rules of Civil Procedure as set forth in

FRCP Rule 1 which states that the rules are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." (See also Committee Notes to 2015 Amendments to FRCP Rule 16).

### I.    Good Cause for the Reopening of Discovery

This stipulation is based upon the following representations of Plaintiff's counsel:

This case has a long history. Defendant was pro se from the time the matter was filed on June 21st, 2022 until March 21st, 2023. He was again pro se from August 15th, 2025 to October 15th, 2025 when Attorney Winder appeared. What counsel originally believed to be discovery documents are the pleadings in the case and despite diligent efforts, counsel has not yet been able to obtain the discovery documents, including the expert report. Once Plaintiff's counsel discovered the documents in its possession were not discovery documents, . Plaintiff's Counsel has been working diligently to locate these documents and believes that they are in the possession of a paralegal just located who has agreed to produce the documents on Wednesday, May 20th, 2026.

1. Additional Discovery which needs completion.

    2.    Obtaining from Defendant a complete copy of Plaintiff's medical record,

3.    Depositions:

    a. Defendant Marks deposition into the reasons for his departure from the Department of Corrections, which termination may have been related to the Plaintiff's injuries

    b. Erin Parks deposition

    c. Desiree Hicenschmidt deposition

4.    Further review of the complete medical record by an additional expert or experts

5.    Deposition of designated representatives of the Department of Corrections of various policies and procedures which have impacted Plaintiff's health and which may have been violated by Defendant Marks

6.    Further documentation from the Medical records of the pain and suffering and lack of treatment of the conditions complained of by Plaintiff.

## **CONCLUSION**

This is the third request to extend or reopen discovery.

This stipulation is brought pursuant to LR IA 6-1.

The basis for this request is that the undersigned counsel was not hired until October 15, 2025, and requires additional time to complete the necessary discovery in this matter.

Dated:  May 19, 2026


_/s/ Dan M. Winder_____          _/s/ Douglas R. Rands_
DAN WINDER, ESQ.                    DOUGLAS R. RANDS, ESQ.
**DAN WINDER LAW OFFICE**           Senior Deputy Attorney General
3507 W. Charleston Blvd.            Aaron D. Ford
Las Vegas, Nevada 89102            ATTORNEY GENERAL
(702) 474-0523                      State of Nevada
winderdanatty@aol.com              drands@ag.nv.gov
*Attorney for Plaintiff*            Attorneys for Defendant Dana Marks


        IT IS THEREFORE ORDERED that the trial date of June 16, 2026 be

vacated. It is further ordered discovery herein is reopened for all purposes and that

discovery be completed August 17th 2026.

_____
        UNITED STATES DISTRICT JUDGE


        DATED this 19th day of May, 2026.